ANDREW B. EVANS *vs.* HARPER & GOOGIN COMPANY.

Androscoggin County.　Decided November 14, 1917.　This case comes up on the usual motion by the defendant.　While the plaintiff was running a circular saw his right hand was thrown upon the saw and he lost his thumb and three fingers and maimed the index finger. The plaintiff has brought suit to recover damages for this injury, alleging substantially four grounds of negligence.　First, that the saw was cracked; second, that the carriage was so constructed "that it held the bundle of edgings to the left of the saw but on the right of the saw there was no support for the pieces when they should be cut off by the saw but would drop in such a way as to obstruct the saw and

force the bundle remaining to rise up into the saw and then be thrown back with great force and violence, thereby rendering the operation of the saw extremely hazardous;" third, that there was no covering to the saw; fourth, that the plaintiff was inexperienced and was set to work upon the saw without any instructions as to the risk and hazard attending the operation of it.

As to the first allegation the evidence shows that the saw was cracked about an inch or an inch and a half from the base of the teeth and had had a hole drilled at the upper end of the crack to check its going further. But neither the plaintiff's testimony nor any other evidence in the case, tends to show that the crack in any way contributed to the accident. The only reasonable inference from all the evidence is that it did not. As to the construction of the table upon which the edgings were fed to the saw, there is no evidence whatever which tends to support the plaintiff's allegations. On the contrary the evidence of the plaintiff seems to negative them, as shown by the following question and answer: Q. I will ask you if it was any pile of edgings that you had to the right of the saw that in any way interferred with the pushing of the edgings on to the saw? A. No, sir.

The chief claim with respect to the table is that it did not extend beyond the saw so as to support the edgings that had been cut off. But there is no evidence whatever tending to show that this construction, if faulty, in any way contributed to the accident.

As to the third complaint that there was no covering to the saw there is no evidence tending to show that this deficiency, if a defect, in any way contributed to the accident. The evidence, therefore, completely fails to establish the negligence of the defendant with respect to any or all of the allegations above enumerated.

As to the fourth allegation, the plaintiff's own admission as to what he told the defendant, Googin, was amply sufficient to excuse Googin from giving the plaintiff any instructions as to the use of a circular saw. The plaintiff on cross-examination gave the following testimony: Q. Did you tell Mr. Ferguson that you had sawed thousands of cords of wood on one of these saws? A. I said that probably I might have sawed a thousand cords of wood but never sawed a bundle of edgings. Q. Now then, you did tell him you had probably sawed? A. I told him that I told Mr. Googin that I had but I never—Q. Just wait until I ask a question. Then you did tell

Mr. Googin that you had sawed a thousand cords of wood? A. I told him I might have but I had not sawed any on that. He then says that he did not push the wood upon the saw but took it away. But upon re-direct examination he says that he did not tell Mr. Googin that he did not push the wood upon the saw. Q. Did you tell him (Mr. Googin) that you ran a saw, or took away from a saw? A. I did not tell him in what capacity I worked, no sir.

Googin testifies that he had instructed him in regard to running the saw. But whether he had or not if he gave Googin to understand that he had run a saw sufficiently to enable him to comprehend its use and dangers it was not necessary that Googin should give him instructions in regard to a matter upon which, upon his own statement, he was already informed.

Besides, the dangers attending the operation of this saw for the cutting of edgings, with the apparatus provided, was perfectly apparent to a man of ordinary intelligence who had had any experience at all in connection with the operation of this kind of a saw.

It is a fact that the plaintiff in operating this saw lost his hand. But how, or by what cause, not even the plaintiff, himself, seems to know. He describes the accident as follows: ''Well, when I put the bundle onto the saw—when I put it into the carriage and went to push it up onto the saw, the bundle jumped in some way, but I can't tell exactly how it was done, it was done so quick. I had my hand about four inches from the saw, like that, and went to push it on, and the bundle came up like that, and my hand being so near the saw you know, to hold the bundle, that I had no way, and leaned forward. I leaned forward like that, pushing the carriage. I had no way to catch myself to keep myself off from the saw.''

This description fails to show any negligence on the part of the defendant or to establish the exercise of due care on the part of the plaintiff. So far as this description is concerned the accident may as well be attributed to the contributory negligence of the plaintiff as to the negligence of the defendant. We fail to discover any evidence sufficient to warrant a verdict for the plaintiff. Motion sustained. *McGillicuddy & Morey*, for plaintiff. *Newell & Woodside*, for defendant.